† WALKER *versus* PEARSON.

Where a lot of land is conveyed, within which is fenced a portion of the street, and the monument called for by the deed is described as standing in the line of the street, there being no uncertainty in the location of the monument or street, and no reference to the *fence*, no part of the street is embraced in the deed.

ON FACTS AGREED.

COVENANT BROKEN, for breach of the covenant against incumbrances.

The deed of defendant was executed in Sept., 1847, and read thus, " beginning at a post in the south-westerly line of Court street, standing in front of the double house, now occupied by Carlton S. Bragg and Hiram Emery, and running thence, &c., (on two lines of the lot,) thence, between said lots, to Court street, thence, on Court street, to the first mentioned bounds, — together with the buildings standing thereon."

Court street, the highway alleged to be an incumbrance on part of the land conveyed, was duly laid out in 1836. The south-westerly line of the street was about three feet inside of the line on which the front fence of this lot, as well as the neighboring lots, on that side of the street, stood at the time this deed was made, and continued to stand until 1854, when it was removed by the town authorities.

Before this removal there was never any post in the south-westerly line of the street as laid out.

There was a post in the *front fence*, where the dividing line between the two tenements, named in the deed, intersected it.

On the dividing fence, about six feet from this post, stood another post, at the time the deed was made.

The Court were authorized to draw inferences as a jury might, and render judgment by nonsuit or default, as the law might require.

*A. W. Paine,* for defendant.

*Rowe & Bartlett,* for plaintiff.

RICE, J. — Two monuments are referred to in the deed; one a post in the south-westerly line of Court street, the other the street itself. It turns out that there is no post standing in the line of the street, as indicated in the deed, but there is a post standing three feet without that line, and another three feet within it. The identity of this monument is therefore uncertain. Of its location, as called for in the deed, there is no uncertainty, nor is there any uncertainty as to the location of the street, which is the other monument referred to in the deed. There can be no doubt that the parties intended Court street to be the exterior line of the lot conveyed. No reference is had to the fence then standing on the street, which would have been done had the parties designed to indicate that as a monument.

*Plaintiff nonsuit.*